This bill is filed for the construction of a will. The only clause which requires construction by the court, however, is the second.
The bill prays a determination of the rights of the defendant under this clause of the will. That clause devises No. 53 New street, Newark, New Jersey, to John Tierney and Joseph Tierney, sons of testator, subject to the right of the widow, Delia Tierney, to occupy the living quarters therein without payment of rent or other charges for taxes, assessments, *Page 28 
water rents and repairs for and during the term of her natural life. It appears that this building was used both for business and residence purposes prior to the death of the testator; one floor, or at least the greater part of one floor, being used for business purposes, and all of the balance of the building being used for residence purposes. Under the terms of the clause of the will which I read, the defendant is entitled to the exclusive use and occupancy of all of the building except that portion which was used for business purposes. As to whether or not she had the right to rent any portion of the property which was not occupied by her is now aside from the question, because the conduct of the parties, or the conduct of the remaindermen, has estopped them to deny that she did have such right. They have acquiesced in her leasing portions of the premises not occupied by her, for a period of about eight years now, and it is too late now for them to deny that she had the right.
The only other question which is submitted here is the question of the rights of the complainant in the property as a tenant or otherwise, by reason of his expenditures of moneys in alterations and repairs.
There was some question in my mind at the beginning of this hearing as to whether I ought to hear that, but as both parties desired me to hear that question and decide it, I have consented to do so. My understanding is that in disposing of this question I am acting more as an arbitrator than as a judge, both parties having waived the question of jurisdiction and suggested that there would be no appeal.
The sole question upon that point is whether the defendant has the right now to exclude the complainant from the premises. It appears that in 1918 and in subsequent years he made considerable improvements or alterations to the property, so as to convert one floor of the building into living quarters, and that he has also spent some moneys in putting in a heating plant. It seems that his brother, the other remainderman, has also spent what appears to be an approximately equal amount, in altering the second floor; and it appears that after these *Page 29 
alterations were made the complainant did go into possession of the floor which he altered, and has lived there ever since with his wife and family. He claims that he has the right to continue to occupy this apartment without the payment of any rent whatever. On the other hand the widow, the life-tenant, contends that at the time he took possession of this property and made the alterations he entered into an agreement with her to pay, first, $52 a month rent, which was later increased to $60, and that she has demanded possession of him now for non-payment of rent, and because he is not a desirable tenant. I believe under the statute of 1925 she has served him with the requisite notice. The complainant denies that he made any such agreement to pay rent. The testimony, however, is quite overwhelming in favor of the defendants on this point, and inasmuch as this fact is submitted to me for decision, I must find as a fact that there was an agreement entered into between the complainant and the defendant for the payment of rent for this apartment; but it would not make any difference in my decision if there had been no agreement for the payment of rent, because on the testimony of the complainant himself, the tenancy would have been only one at will, which could have been terminated by the defendant at any time by giving the proper notice. I think three days' notice is the notice that is required. But, at any rate, notice has been given now and the tenancy has been terminated, which the defendant had a perfect right to do.
I shall advise a decree for the defendant, the prayer of the bill being not only for construction of the will, but restraint of a suit at law for possession.
The restraint restraining the prosecution of the suit at law will be discharged. *Page 30